## IN THE UNITED STATES DISTRICT
## COURT FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

```
------------------------------------------------------------ X
LEVITON MANUFACTURING CO., INC.,                             :
59-25 Little Neck Parkway                                    :
Little Neck, New York 11362                                  :
                                                             :
        Plaintiff,                                           :
                                                             :
        v.                                                   :          CIVIL ACTION NO:
                                                             :
UNIVERSAL SECURITY INSTRUMENTS, INC.                         :
        and USI ELECTRIC, INC.                               :
7-A Gwynns Mill Courts                                       X
Owings Mills, Maryland 21117
```

AMD 05 CV 0889

```
        Defendant.
-------------------------------------------------------------
```

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Leviton Manufacturing Co., Inc. (hereinafter "Leviton"), by its undersigned attorneys, hereby sues the Defendants Universal Security Instruments, Inc. and USI Electric, Inc. (collectively, the "USI Defendants"), for infringement of U.S. Patent No. 6,864,766. The following statements made with respect to the USI Defendants are made on information and belief. Statements made with respect to Leviton are based on personal knowledge as well as best available information and belief under the law.

## JURISDICTION AND VENUE

1.      This is an action for patent infringement under Title 35 of the U.S. Code.

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367, and 15 U.S.C. § 1121.

3.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 (c) and 1400(b).

## THE PARTIES

4.      Leviton is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 59-25 Little Neck Parkway, Little Neck, New York 11362.

5.      The USI Defendants are companies organized and existing under the laws of the State of Maryland, having their principal place of business at 7-A Gwynns Mill Courts, Owings Mills, Maryland 21117, and conducting business throughout this District and in the State of Maryland.

## PATENT IN SUIT

6.      Leviton is the owner of U.S. Patent No. 6,864,766  (hereinafter the "'766 Patent") which covers ground fault circuit interrupter ("GFCI") technology.  Leviton is the sole owner of all right, title and interest in the '766 Patent, including the right to sue and recover for past infringement thereof.

7.      On March 8, 2005, the '766 Patent, entitled "Circuit Interrupting Device With Reverse Wiring Protection," was duly and legally issued by the United States Patent and Trademark Office to Leviton, as assignee of co-inventors, Nicholas L. DiSalvo and William R. Ziegler.  (A copy of the '766 Patent is appended as Exhibit A).

## FIRST CAUSE OF ACTION:
## THE USI DEFENDANTS' PATENT INFRINGEMENT

8.      Leviton repeats and reaffirms all of the allegations contained in the preceding paragraphs numbered 1 through 7, with the same force and effect as if fully set forth herein.

9.      The USI Defendants, in violation of 35 U.S.C. § 271, have been, and are infringing Claims 1-18 of the '766 Patent by making, using, offering to sell or selling, and/or

inducing same in this Judicial District and elsewhere, GFCI products which embody the patented invention, and will continue to do so unless enjoined by this Court.

10.     The USI Defendants' infringement has been, and continues to be, deliberate, willful and knowing.

11.     By reason of the acts and practices of the USI Defendants, it has caused, is causing and, unless such acts and practices are enjoined by the Court, will continue to cause, immediate and irreparable harm to Leviton, for which there is no adequate remedy at law and for which Leviton is entitled to injunctive relief under 35 U.S.C. § 283.

12.     As a direct and proximate consequence of the acts and practices of the USI Defendants, Leviton, has also been, is being, and unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which Leviton is entitled to relief under 35 U.S.C. § 284.

13.     This is an exceptional case within the meaning of 35 U.S.C. § 285 and Leviton is therefore entitled to its reasonable attorneys' fees.

**PRAYER**

WHEREFORE, Leviton, respectfully prays for a Judgment from this Court that:

a)      Leviton, is the owner of the entire right, title and interest in and to the '766 Patent, including the right to sue and recover for past infringement thereof;

b)      The '766 Patent was duly and legally issued, is valid and enforceable, and is infringed by the USI Defendants;

3

c)    The USI Defendants and those acting in concert with them be preliminarily and permanently enjoined from engaging in further acts of infringement of the '766 Patent pursuant to 35 U.S.C. § 283;

d)    The USI Defendants and their officers, agents, servants and employees, to deliver up to this Court for destruction, all products of the USI Defendants which are infringing upon the rights of Leviton and that the USI Defendants submit in writing, under oath, a description of all actions taken to comply with this portion of the Order, within one month of the issuance of any order;

e)    The USI Defendants be required to account to Leviton for any and all profits thus derived by it, and be ordered to compensate Leviton for all damages sustained by Leviton by reason of the acts of patent infringement set forth herein, and that the damages herein be trebled;

f)    The USI Defendants be ordered to pay over to Leviton all of their respective gains, profits and advantages derived from sales obtained by infringement together with compensation for all damages sustained by Leviton as a result of their wrongful acts of infringement and, in view of the willful and deliberate nature of their acts, that such amount be trebled;

g)    The USI Defendants be ordered to pay the costs of this action and to pay to Leviton the reasonable attorneys' fees expended by Leviton in this action for infringement, together with all of the other costs and disbursements therein;

h)    Leviton, be awarded damages adequate to compensate for the infringement of said '766 Patent in no event less than a reasonable royalty, together with prejudgment interest, said damages to be trebled pursuant to 35 U.S.C. § 284;

4

i)   Leviton be awarded its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

j)   Leviton, have such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Pursuant to Rule 38(b), Fed. R. Civ. P., Leviton demands a trial by jury of any issue triable of right by a jury.

DATED this 31st day of March 2005

Respectfully submitted,

Steven E. Tiller
Gregory M. Stone
WHITEFORD, TAYLOR & PRESTON, LLP
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
Telephone: (410) 347-8700
Facsimile: (410) 752-7092

Paul J. Sutton
Barry G. Magidoff
Joseph M. Manak
Brad S. Neeldeman
Claude R. Narcisse
Joseph G. Lee
Deepro Mukerjee
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
(212) 801-2100
(212) 688-2449 (facsimile)

Attorneys for Plaintiff,
*Leviton Manufacturing Company, Inc.*