**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| LEVITON MANUFACTURING CO., INC.. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| UNIVERSAL SECURITY<br>INSTRUMENTS, INC., et al. | )<br>)<br>)  Civil Action No. 1:05-cv-00889 AMD<br>)  (Consolidated) |
| Defendants. | )<br>) |
| Consolidated with: | )<br>) |
| SHANGHAI MEIHAO ELECTRIC, INC., | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| LEVITON MANUFACTURING COMPANY, INC. | )<br>) |
| Defendant. | )<br>) |

**LEVITON'S MOTION TO DISMISS ENTIRE CASE AND**
**SUPPORTING MEMORANDUM**

Plaintiff, Leviton Manufacturing Co., Inc. ("Leviton") hereby moves this Court for an Order dismissing this consolidated action in its entirety, including all of Leviton's infringement claims against all defendants in this action with prejudice, and all of defendants' counterclaims and claims for declaratory judgment relief with respect to the '766 patent without prejudice. Counsel for defendant Shanghai Meihao Electric, Inc. ("Meihao") and Universal Security Instruments, Inc. et al. ("USI") have advised Leviton that they will not consent to this motion.

1269700

Leviton initiated this action to enjoin defendants from infringing U.S. Patent No. 6,864,766 ("the '766 patent") by making, using, selling, offering to sell and/or importing certain ground fault circuit interrupter ("GFCI") devices. Earlier this year, Leviton learned that Meihao had discontinued manufacturing and importing the GFCI products originally accused of infringing the '766 patent. By switching to a new GFCI design Meihao effectively conceded to the injunction that Leviton sought as to the primary accused product.

Since learning that Meihao had discontinued its old GFCI and then having an opportunity to examine Meihao's new GFCI, Leviton attempted over the last several months to settle this case. The parties have exchanged various settlement proposals. Recently, Leviton advised Meihao that if the Court dismisses the parties' respective claims and counterclaims, Leviton will also grant defendants a covenant not to sue under the '766 patent with respect to the old and current Meihao GFCI products.

The settlement discussions with Meihao are part of a global assessment by Leviton of various litigations involving the '766 patent. For example, Leviton recently settled a major litigation in New Mexico against another large foreign manufacturer and two distributors of GFCI products accused of infringing the '766 patent.

For at least the above reasons, Leviton believes that the best interests of the parties and the Court will be served by ending the present litigation prior to further expenditure of the time and resources necessary to prepare and conduct a protracted patent infringement trial. From a procedural standpoint, fact discovery in this case is closed, and no other pre-trial proceedings are currently underway as the parties are awaiting a claim construction decision by the Court.[1] No dispositive motions are pending.

---

[1] The only other pending matter before the Court involves a motion to compel filed by defendant Meihao seeking attorney-client and work product testimony and documents. That motion has been fully briefed and argued before

Under the controlling case law, Leviton's motion to dismiss with prejudice (coupled with a covenant not to sue Meihao or its customers under the '766 Patent for infringement due to past or current Meihao products – which Leviton gives upon granting of this motion in its entirety) renders this entire infringement action moot, including <u>all</u> claims and counterclaims asserted by the parties. Indeed, a dismissal with prejudice forecloses Leviton from asserting the '766 patent against Meihao or its customers for the manufacture, use, offer for sale, sale or importation of the prior and present Meihao GFCIs.  Consequently, there no longer exists a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *See MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (2007). Because no case or controversy remains, the Court lacks subject matter jurisdiction under 18 U.S.C. §§ 2201 *et seq* over the declaratory judgment claims or defendants' counterclaims.  *See Benetec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1347-48 (Fed. Cir. 2007).

In *Benetec Australia*, the patent owner Benetec sued for infringement of a patent covering a disease therapy, but then moved to dismiss its original claims without prejudice under Rule 41(a)(2) in light of recent Supreme Court decisions covering pharmaceutical research.  Benetec also promised not to sue for past or current acts of infringement.  The district court granted Benetec's motion to dismiss and dismissed defendants' counterclaims for invalidity and unenforceability due to lack of subject matter jurisdiction under the Declaratory Judgment Act.  *Id*. at 1342-43.  The Federal Circuit affirmed, applying the reasoning in *MedImmune*.  The court held that although the district court had jurisdiction over defendants' counterclaims when first filed, subsequent events <u>divested</u> the court of jurisdiction under Section 2201 and rendered the counterclaims moot.  The court summarized the relevant legal standard as follows:

---

Magistrate Judge Gauvey, who has not yet ruled on Meihao's motion.

In *MedImmune*, the Supreme Court held that in order for a court to have jurisdiction over a declaratory judgment action:

> 'The dispute be definite and concrete, touching the legal relations of the parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of conclusive character, as distinguished form an opinion advising what the law would be upon a hypothetical state of facts.  <u>Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment</u>.' *Id*. at 1344, *citing* 127 S. Ct. at 771; emphasis added].

The Federal Circuit in *Benetec* went on to hold that under the facts of that case defendant had not made a showing of "sufficient immediacy and reality" to support declaratory judgment jurisdiction. *Id*. at 1349.

Various post-*MedImmune* decisions likewise hold that a dismissal of all claims and counterclaims, coupled with the covenant not to sue under the patent at issue with respect to past and current products, eliminates the jurisdictional basis for the entire case. *See Crossbow Tech., Inc. v. YH Tech.*, No. C 03-4360 SI, 2007 WL 2408879 at *3 (N.D. Cal. Aug. 21, 2007) (following *Benetec Australia* and holding that "a covenant not to sue is still sufficient to divest a trial court of subject matter jurisdiction"); and *Furminator, Inc. v. Ontel Prods. Corp.*, No. 4:06-CV-23 CAS, 2007 WL 3072034 at *9 (E.D. Mo. Oct. 18, 2007) (following *Benetec Australia* and holding that "[a] covenant not to sue can still divest a trial court of subject matter jurisdiction over declaratory judgment claims under the applicable *MedImmune* standard").

In the present case, the requested dismissal with prejudice of all Leviton claims (all Leviton claims against Meihao and USI), coupled with a covenant not to sue all defendants under the '766 patent by Leviton, as to past and current Meihao GFCI products, upon granting of this motion in its entirety, eliminates the jurisdictional basis for the entire case, including defendants' counterclaims

for patent invalidity, non-infringement and unenforceability.  *See Benetec* 495 F.3d at 1347-48.[2]

As a practical matter, there is no logical reason for the parties – or this Court – to expend significant additional resources litigating a nonexistent patent controversy once this motion to dismiss is granted.  *Id.*

Leviton respectfully requests that its motion to dismiss be granted.

        Respectfully submitted,

        _____/s/_____
        Joseph A. Rhoa (FBN 12902)
        James T. Hosmer (*pro hac vice*)
        NIXON & VANDERHYE P.C.
        901 North Glebe Road
        Eleventh Floor
        Arlington, Virginia  22203-1808
        Tel: (703) 816-4000
        Fax: (703) 816-4100
        jar@nixonvan.com

        Steven E. Tiller
        WHITEFORD, TAYLOR & PRESTON, LLP
        Seven Saint Paul Street
        Baltimore, Maryland  21202-1626
        Telephone (410) 347-8700
        Facsimile (410) 752-7092

        Attorneys for Plaintiff
        LEVITON MANUFACTURING COMPANY, INC.

---

[2] Prior to the Supreme Court's decision in *MedImmune*, the Federal Circuit also consistently held that a patentee's dismissal of its infringement claims eliminated the jurisdictional basis for continuing the action, including any declaratory judgment counterclaims under Section 2201.  *See Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059 (Fed. Cir. 1995); *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855-56 (Fed. Cir. 1999); and *Intellectual Prop. Development, Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1341-42 (Fed. Cir. 2001).