# EXHIBIT D



## United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz Alerts | News | Help

| Portal Home | | Patents | | Trademarks | | Other |

**Patent eBusiness**          — □

⊞ Electronic Filing

⊞ Patent Application Information (PAIR)

⊞ Patent Ownership

⊞ Fees

⊞ Supplemental Resources & Support

**Patent Information**

Patent Guidance and General Info

⊞ Codes, Rules & Manuals

⊞ Employee & Office Directories

⊞ Resources & Public Notices

**Patent Searches**

Patent Official Gazette

⊞ Search Patents & Applications

⊞ Search Biological Sequences

⊞ Copies, Products & Services

**Other**

Copyrights
Trademarks
Policy & Law
Reports

### Patent Application Information Retrieval

*i* Order Certified Application As Filed   Order Certified File Wrapper

**95/000,097**   CIRCUIT INTERRUPTING DEVICE WITH REVERSE WIRING PROTI

| Select New Case | Application Data | Transaction History | Image File Wrapper | Continuity Data | Address & Attorney/Agent |

This application is officially maintained in electronic form. To View: Click the desired Documer
To Download and Print: Check the desired document(s) and click Start Download.

## Available Documents

| Mail Room Date ↕↑ | Document Code ↕↑ | Document Description ↕↑ | Page Count ↕↑ | Select All | Start Dowr |
|---|---|---|---|---|---|
| 08-20-2008 | APEA | Examiner's Answer to Appeal Brief | 18 | ☑ | |
| 08-20-2008 | 1449 | List of References cited by applicant and considered by examiner | 28 | ☑ | |
| 07-15-2008 | PA.. | Power of Attorney | 1 | ☐ | |
| 07-15-2008 | R3.73B | Assignee showing of ownership per 37 CFR 3.73(b). | 2 | ☐ | |
| 07-15-2008 | N417 | EFS Acknowledgment Receipt | 2 | ☐ | |
| 08-07-2007 | IDS | Information Disclosure Statement (IDS) Filed (SB/08) | 48 | ☐ | |
| 08-07-2007 | NPL | NPL Documents | 21 | | |
| 08-07-2007 | NPL | NPL Documents | 20 | | |
| 08-07-2007 | NPL | NPL Documents | 37 | | |
| 08-07-2007 | NPL | NPL Documents | 19 | | |
| 08-07-2007 | NPL | NPL Documents | 18 | | |
| 08-07-2007 | NPL | NPL Documents | 86 | | |
| 08-07-2007 | NPL | NPL Documents | 13 | | |
| 08-07-2007 | NPL | NPL Documents | 19 | | |
| 08-07-2007 | NPL | NPL Documents | 9 | | |
| 08-07-2007 | NPL | NPL Documents | 16 | | |
| 08-07-2007 | NPL | NPL Documents | 2 | | |
| 08-07-2007 | NPL | NPL Documents | 21 | | |
| 08-07-2007 | FOR | Foreign Reference | 18 | ☐ | |
| 08-07-2007 | FOR | Foreign Reference | 18 | ☐ | |
| 08-07-2007 | FOR | Foreign Reference | 1 | ☐ | |
| 08-07-2007 | FOR | Foreign Reference | 18 | ☐ | |
| 08-07-2007 | FOR | Foreign Reference | 4 | ☐ | |

| | | | | | |
|---|---|---|---|---|---|
| 08-07-2007 | FOR | Foreign Reference | 12 | | ☐ |
| 08-07-2007 | FOR | Foreign Reference | 5 | | ☐ |
| 08-07-2007 | FOR | Foreign Reference | 15 | | ☐ |
| 08-07-2007 | FOR | Foreign Reference | 11 | | ☐ |
| 06-06-2007 | AP.B | Appeal Brief Filed | 51 | | ☐ |
| 06-06-2007 | NPL | NPL Documents | 19 | | ☐ |
| 06-06-2007 | RXC/SR | Reexam Certificate of Service | 1 | | ☐ |
| 05-22-2007 | RXL/RD | Letter Acknowledging That an Improper Paper in a Reexam Proceeding Has Been Returned/Destroyed | 5 | | ☐ |
| 06-16-2006 | AP.B | Appeal Brief Filed | 9 | | ☐ |
| 06-16-2006 | RXC/SR | Reexam Certificate of Service | 1 | | ☐ |
| 05-16-2006 | RXC/SR | Reexam Certificate of Service | 3 | | ☐ |
| 04-27-2006 | XI.N/APR | Notice of Appeal - Requester | 7 | | ☐ |
| 04-27-2006 | RXC/SR | Reexam Certificate of Service | 5 | | ☐ |
| 03-16-2006 | N/AP | Notice of Appeal Filed | 5 | | ☐ |
| 03-13-2006 | RXPA..R | Reexam Change in Pwr Atty for Third Party Requester | 3 | | ☐ |
| 03-13-2006 | RXC/SR | Reexam Certificate of Service | 2 | | ☐ |
| 02-17-2006 | XI.RAN. | Right of Appeal Notice | 14 | | ☐ |
| 02-17-2006 | RXFILJKT | Paper Reexam File Jacket is scanned | 2 | | ☐ |
| 10-25-2005 | XI.ACP | Action Closing Prosecution (nonfinal) | 12 | | ☐ |
| 10-25-2005 | FWCLM | Index of Claims | 1 | | ☐ |
| 10-25-2005 | BIB | Bibliographic Data Sheet | 1 | | ☐ |
| 09-01-2005 | RXREXO | Determination -- Reexam Ordered | 9 | | ☐ |
| 09-01-2005 | 892 | List of references cited by examiner | 1 | | ☐ |
| 09-01-2005 | 1449 | List of References cited by applicant and considered by examiner | 1 | | ☐ |
| 09-01-2005 | COCOUT | Certificate of Correction - Post Issue Communication | 1 | | ☐ |
| 09-01-2005 | RXLITSR | Reexam Litigation Search Conducted | 5 | | ☐ |
| 09-01-2005 | RXFILJKT | Paper Reexam File Jacket is scanned | 1 | | ☐ |
| | | Notice of | | | |

| | | | | |
|---|---|---|---|---|
| 06-21-2005 | RXNREQFD | reexamination request filing date | 1 | ☐ |
| 06-21-2005 | RXNREQAU | Notice of Assignment of Reexamination Request | 1 | ☐ |
| 06-16-2005 | RXTTLRPT | Title Report | 2 | ☐ |
| 06-06-2005 | XI.OSUB | Receipt of Original Inter Partes Reexam Request | 46 | ☐ |
| 06-06-2005 | RXPATENT | Copy of patent for which reexamination is requested | 30 | ☐ |
| 06-06-2005 | IDS | Information Disclosure Statement (IDS) Filed (SB/08) | 3 | ☐ |
| 06-06-2005 | FOR | Foreign Reference | 21 | ☐ |
| 06-06-2005 | FOR | Foreign Reference | 39 | ☐ |
| 06-06-2005 | FOR | Foreign Reference | 19 | ☐ |
| 06-06-2005 | BIB | Bibliographic Data Sheet | 2 | ☐ |
| 06-06-2005 | RXFILJKT | Paper Reexam File Jacket is scanned | 5 | ☐ |

*If you need help:*

- *Call the Patent Electronic Business Center at (866) 217-9197 (toll free) or e-mail EBC@ specific questions about Patent Application Information Retrieval (PAIR).*
- *Send general questions about USPTO programs to the USPTO Contact Center (UCC) .*
- *If you experience technical difficulties or problems with this application, please report t to Electronic Business Support or call 1 800-786-9199.*

You can suggest USPTO webpages or material you would like featured on this section by E-mail to the webmaster@uspto.gov. While we cann accommodate all requests, your suggestions will be considered and may lead to other improvements on the website.

Home  |  Site Index  |  Search  |  eBusiness  |  Help  |  Privacy Policy

# EXHIBIT E

UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

| | |
|---|---|
| LEVITON MANUFACTURING CO., INC.,<br><br>          Plaintiff,<br>vs.<br><br>ZHEJIANG DONGZHENG ELECTRICAL CO.,<br>HARBOR FREIGHT TOOLS USA, INC.,<br>NICOR, INC., d/b/a NICOR LIGHTING &<br>FANS, CENTRAL PURCHASING, LLC,<br><br>          Defendants. | CIVIL ACTION FILE<br><br>NO. CIV-05-0301- RLP/DJS |

## DEFENDANT ZHEJIANG DONGZHENG ELECTRICAL CO.'S RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES

Pursuant to the Federal Rules of Civil Procedure, Defendant Zhejiang Dongzheng Electrical Co. ("Dongzheng") hereby responds and objects to Plaintiff's First Set of Interrogatories to Defendant Zhejiang Dongzheng Electrical Co. (the "Interrogatories") as follows.

GENERAL OBJECTIONS

1.

Dongzheng objects to the definition of "Dongzheng" and "Defendant" on the grounds that such definition is overly broad and unduly burdensome to the extent that the definition seeks to impose an obligation upon

1363577

Dongzheng to respond on behalf of persons not parties to this action or who otherwise do not have any duty to provide information to Dongzheng.

2.

Dongzheng objects to the definition of "Dongzheng" and "Defendant" to the extent that interrogatories using such definition seek information that is subject to the attorney-client privilege, work product doctrine, or other privilege or immunity from disclosure.

3.

Dongzheng objects to the definition of "ground fault circuit interrupter" and "GFCI" on the grounds that such definitions are circular, vague and ambiguous.

4.

Dongzheng objects to the instruction regarding the construction of the terms "all" and "each" on the grounds that such instructions render any interrogatory utilizing such terms vague and ambiguous.

5.

Dongzheng objects to the instruction regarding the construction of the terms "and" and "or" on the grounds that such instructions renders any interrogatory utilizing such terms vague and ambiguous.

1363577 v05

6.

Dongzheng objects to the instructions regarding identification of persons and documents as overly broad and unduly burdensome. Dongzheng will identify documents and persons with sufficient particularity that Plaintiff should reasonably be able to locate the same.

7.

Dongzheng objects to the instructions regarding identification of documents withheld on privilege grounds and responds that Dongzheng will exchange privilege logs prepared in accordance with the Federal Rules of Civil Procedure at a mutually agreed-to time and place.

8.

Dongzheng objects to the instructions and definitions to the extent that the same exceed the obligations imposed under the Federal Rules of Civil Procedure or applicable local rules.

Subject to the foregoing General Objections, and without waiving the same, Dongzheng responds to the individually numbered interrogatories as follows.

1363577 v05

<u>INTERROGATORIES</u>

### Interrogatory No. 1:

Identify by model number or other unique designation for each model of GFCI used, offered for sale or sold by Dongzheng and its predecessor-in-interest, HML, in or to the United States, and for each identified model, identify the manufacturer thereof, and if different, the person from whom the GFCI was purchased, and state the unit and dollar sales of each such GFCI and the profit earned both gross and net therefrom, by year, to date, resulting from the sales thereof since 1999.

*Response:*

Dongzheng objects to this interrogatory on the grounds that it seeks information that is not relevant to any claim of the parties in this action. Dongzheng further objects to this request to the extent that it characterizes HML as the predecessor in interest to Dongzheng, which characterization is incorrect. Dongzheng further objects to this interrogatory on the grounds that it is vague and ambiguous in its use of the phrase "GFCI manufactured, for sale in or to, or used, offered for sale or sold by Dongzheng in or to the United States."

Subject to the foregoing specific objections, as well as the General Objections set forth above, Dongzheng responds that as the information

responsive to this interrogatory may be derived from a review of the business records of Dongzheng and as the burden of deriving or ascertaining such information is substantially the same between the parties, and pursuant to Fed. R. Civ. P. 33(d), Dongzheng responds with documents produced responsive to Document Request Nos. 5, 6, 9, 11, 16, 25, 26, 31, 32, 34, 35, 36, 37, 38, 39 and 41.

**Interrogatory No. 2:**

Separately identify, for each GFCI identified in response to Interrogatory No. 1, at least three persons, with knowledge of the purchasing, sales, marketing, advertising and promotion thereof.

*Response:*

Dongzheng objects to this interrogatory on the grounds that it is overly broad and unduly burdensome to the extent that it seeks the identification of at least three individuals with the most knowledge.   Dongzheng further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome to the extent that it apparently seeks Dongzheng to "look into the minds" of its employees to determine who has the "most" knowledge of certain issues.

Subject to the General Objections set forth above, Dongzheng responds that the individuals who appear to have substantial knowledge of the

1363577 v05

requested information are Mr. Fu Wang and Mr. Huai-Yin Song, who were identified in Dongzheng's Rule 26 disclosures, and Mr. Wei-quan Xiong, sales representative, whose contact information is identical to that of Messrs. Wang and Song.

**Interrogatory No. 3:**

Identify all communications between or among Dongzheng, Central Purchasing, Harbor Freight, Nicor, HML, Shanghai Meihao, Van-Sheen, Wenzhou, Shanghai ELE, and/or Trimone, or any GFCI customer, concerning GFCIs since 1999, including but not limited to any communications originating from or received at any of the following e-mail addresses:

(a) zhengxd@mail.wzptt.zj.cn;

(b) Zheng Angel [zhengxd@mail.wzptt.zj.cn];

(c) Zheng [zhengxd@mail.wzptt.zj.cn];

(d) Nancy [gfci@wz.zj.cn];

(e) dozg@mail.wzptt.zj.cn;

(f) dozg [SMTP: dozg@mail.wzptt.zj.cn];

(g) dozg [dozg@mail.wzptt.zj.cn];

(h) ray@dogz.com; and

(i) eva@dozg.com

1363577 v05

*Response:*

Dongzheng objects to this request to the extent it seeks information that is not relevant to the claims of any party.  Dongzheng further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome in that it seeks all communication without regard to any subject relevant to the claims of the parties and to the extent that it requires the identification of separate individual communications.  Dongzheng further objects on the grounds that the request is not limited to GFCIs sold or offered for sale in the United States.

Subject to the foregoing specific objections, as well as the General Objections set forth above, Dongzheng responds that as the information responsive to this interrogatory may be derived from a review of the business records of Dongzheng and as the burden of deriving or ascertaining such information is substantially the same between the parties, and further responds pursuant to Fed. R. Civ. P. 33(d), with documents produced responsive to Document Request Nos. 6, 13, 31 and 35.

**Interrogatory No. 4:**

Identify the individuals represented by each of the e-mail addresses listed in Interrogatory No. 3.

1363577 v05

*Response:*

Dongzheng objects to this request to the extent it seeks information that is not relevant to the claims of any party.

Subject to the foregoing specific objection, as well as the General Objections set forth above, Dongzheng responds that as the information responsive to this interrogatory may be derived from a review of the business records of Dongzheng and as the burden of deriving or ascertaining such information is substantially the same between the parties, and further responds pursuant to Fed. R. Civ. P. 33(d), with documents produced responsive to Document Request Nos. 6, 13, 31 and 35.   Subject to the foregoing specific objections, as well as the General Objections set forth above, Dongzheng further responds that "Angel" is Ms. Xiaodan Zheng, "Ray" is Mr. Wupeng Lei, and "Eva" is Ms. Dongjuan Wu.  Dongzheng is continuing to investigate the "Nancy" address and will supplement this response with information regarding that address.   The remaining email addresses are common user email addresses and are not identified with a particular named user.

<u>Interrogatory No. 5:</u>

Identify all persons directly involved in promoting, offering for sale, selling or shipping GFCIs on behalf of or from, Dongzheng, Harbor Freight,

1363577 v05

Nicor, Central Purchasing, HML, Shangai Meihao, Van-Sheen, Wenzhou, Shangai ELE and/or Trimone, or any other supplier of GFCIs.

*Response:*

Dongzheng objects to this request to the extent it seeks information that is not relevant to the claims of any party. Dongzheng further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome in that it seeks the identity of all persons, which would include ministerial personnel with no substantive involvement in sales or offers for sale of GFCIs in the United States. Dongzheng further objects on the grounds that the request is not limited to GFCIs sold or offered for sale in the United States.

Subject to the foregoing specific objections, as well as the General Objections set forth above, Dongzheng responds that the following individuals work in the International Sales Department and are involved with sales and offers for sale of GFCIs in the United States: Mr. William Xiong, Ms. Dongjuan Wu, Mr. Peishuai Wu, and Mr. Shi'en Wang.

<u>Interrogatory No. 6:</u>

If Dongzheng intends to rely upon opinion(s) or advice of counsel in defense to Leviton's claims of willful infringement, identify and describe with particularity, all documents and communications pertaining to any opinions of counsel regarding validity, enforceability and infringement of the '766

1363577 v05

Patent including documents provided to or considered by the person(s) who prepared such opinions.

*Response:*

Dongzheng objects to this request to the extent that it seeks documents subject to the attorney-client privilege, work product doctrine, or common interest privilege.

Subject to the foregoing specific objections, as well as the General Objections set forth above, Dongzheng has not yet determined whether it will rely upon an opinion of counsel as a defense to Plaintiff's claim of willful infringement. Dongzheng will agree to supplement this interrogatory response in accordance with the scheduling order if such a determination is made.

**Interrogatory No. 7:**

If Dongzheng contends that any of the GFCIs sold or offered for sale by Dongzheng in or to the United States do not meet (either literally or by equivalents) the limitations of any of claims 1-18 of the '766 Patent, then identify which limitations of the claims are not met by an element of each of Dongzheng's GFCIs on a claim limitation-by-limitation basis (i.e., in claim chart format), and set forth in detail why each such element does not meet each such limitation.

1363577 v05

*Response:*

Dongzheng objects to this interrogatory on the grounds that it is overly broad and unduly burdensome in that the Court has not yet construed the terms of Claims 1-18 of the '766 Patent.  Dongzheng further objects to this interrogatory on the grounds that it seeks improperly to elicit the thought processes and mental impressions of its counsel.

Dongzheng will agree to supplement its discovery response by providing claim charts outlining its non-infringement contentions after the issuance of the Court's *Markman* order.

<u>Interrogatory No. 8:</u>

If Dongzheng contends any claim of the '766 Patent is invalid for failure to comply with any portion of 35 U.S.C. § 112 (*e.g.*, best mode, indefiniteness, written description, enablement, *etc.*), identify in detail the specific basis for the failure of each limitation or each claim, so as to demonstrate invalidity under 35 U.S.C. § 112 on a claim limitation-by-limitation basis (*i.e.*, in claim chart format).

*Response:*

Dongzheng objects to this interrogatory on the grounds that it is overly broad and unduly burdensome in that the Court has not yet construed the terms of Claims 1-18 of the '766 Patent.  Dongzheng further objects to this

11

1363577 v05

interrogatory on the grounds that it seeks improperly to elicit the thought processes and mental impressions of its counsel.

Dongzheng will agree to supplement its discovery response by providing claim charts outlining its invalidity contentions after the issuance of the Court's *Markman* order.

### Interrogatory No. 9:

Identify each litigation pending prior to March of 2005 involving questions of incorrect inventorship, nondisclosure of prior art, allegations of fraud, inequitable conduct and violation of the duty to disclose, by Leviton, as is alleged in the Counterclaims.

*Response:*

Dongzheng objects to this interrogatory on the grounds that it is overly broad and unduly burdensome in that it asks for "each" litigation and because the information is more readily available to Plaintiff.

Subject to the foregoing specific objections, as well as the General Objections set forth above, Dongzheng identifies the following case: *Shanghai Meihao Electric, Inc. v. Leviton Manufacturing, Inc.*, Civil Action No. 1:03-cv-02137-AMD, United States District Court for the District of Maryland.

1363577 v05

<u>Interrogatory No. 10:</u>

With respect to each litigation identified in the response to Interrogatory 9, specify the particular pleading and paragraph in each pleading where each question set forth in Interrogatory No. 9 was raised in each litigation.

*Response:*

Dongzheng objects to this interrogatory on the grounds that it is overly broad and unduly burdensome in that it asks for "each" litigation and because the information is more readily available to Plaintiff.

Subject to the foregoing specific objections, as well as the General Objections set forth above, Dongzheng responds that it is unaware of the particular paragraphs of each pleading in which the questions set forth in Interrogatory No. 9 were raised.

<u>Interrogatory No. 11:</u>

With respect to the "violation of the duty to disclose prior art" alleged in the Counterclaims, identify each piece of prior art that Leviton is alleged not to have disclosed and any prior litigation in which it was cited.

*Response:*

1363577 v05

Dongzheng objects to this interrogatory on the grounds that it is overly broad and unduly burdensome in that it asks for "each" litigation and because the information is more readily available to Plaintiff.

Subject to the foregoing specific objections, as well as the General Objections set forth above, Dongzheng cites U.S. Patent Nos. 5,224,006, 5,875,087 which were cited in the litigation referenced in the response to Interrogatory No. 9.

**Interrogatory No. 12:**

With respect to the "misjoinder of inventors" alleged in the Counterclaims, identify each individual allegedly misjoined or not named and the factual basis for asserting each such individual was misjoined or not named.

*Response:*

Dongzheng objects to this interrogatory on the grounds that it is overly broad and unduly burdensome in that it asks for information set forth in detail in Answer and Amended Counterclaims filed in this action.

Subject to the foregoing specific objections, as well as the General Objections set forth above, Dongzheng states that on October 22, 2003, Leviton filed U.S. Patent Application Serial No. 10/690,776 (the "Germain Application"). The Germain Application is entitled "Circuit Interrupting

1363577 v05

Device and System Utilizing Bridge Contact Mechanism and Reset Lockout," and names Frantz Germain, James Richter, David Herzfeld, Armando Calixto, David Chan and Stephen Stewart as inventors. The Germain Application claims the benefit of the '469 provisional application, filed on February 3, 2003, which also names Frantz Germain, James Richter, David Herzfeld, and Armando Calixto as inventors.

Neither Nicholas L. DiSalvo nor William R. Ziegler, the listed inventors of the '766 patent, the patent-in-suit in this action, are named as inventors of the subject matter of the Germain Application.

The '093 Application (which matured into the '766 patent) and the Germain Application have no common inventors and neither application claims priority to the other.

In preparing the '093 Application and the Petition to Make Special on the basis of actual infringement, Leviton and/or its attorneys, copied the language that claims the invention that is the subject of the Germain Application and transposed it, virtually verbatim, to the '093 Application. Claim 31 of the Germain Application recites:

"A circuit interrupting device comprising:

a first electrical conductor capable of being electrically connected to a source of electricity;

15    1363577 v05

a second electrical conductor capable of conducting electrical current to a load when electrically connected to said first electrical conductor;

a third electrical conductor capable of being electrically connected to user accessible plugs and/or receptacles where the first, second and third electrical conductors are electrically isolated from each other;

*a movable bridge* electrically connected to the first electrical conductor, said movable bridge capable of electrically connecting the first, second and third electrical conductors to each other;

a circuit interrupting portion configured to cause electrical discontinuity between said first, second and third electrical conductors upon the occurrence of a predetermined condition; and

a reset portion configured to reestablish electrical continuity between the first, second and third electrical conductors after said predetermined condition occurs."

Claim 1 of the '766 Patent recites:

"A circuit interrupting device comprising:

a first electrical conductor capable of being electrically connected to a source of electricity;

a second electrical conductor capable of conducting electrical current to a load when electrically connected to said first electrical conductor;

a third electrical conductor capable of being electrically connected to user accessible plugs and/or receptacles where the first, second and third electrical conductors are electrically isolated from each other;

1363577 v05

*at least one movable bridge* electrically connected to the first electrical conductor, said at least one movable bridge capable of electrically connecting the first, second and third electrical conductors to each other;

a circuit interrupting portion configured to cause electrical discontinuity between said first, second and third electrical conductors upon the occurrence of a predetermined condition; and

a reset portion configured to reestablish electrical continuity between the first, second and third electrical conductors after said predetermined condition occurs."

Claim 31 of the Germain Application differs from claim 1 of the '766 patent only by the substitution of "at least one movable bridge" in place of "a movable bridge."

Claim 42 of the Germain Application recites:

"A circuit interrupting device comprising:

a first pair of terminals capable of being electrically connected to a source of electricity;

a second pair of terminals capable of conducting electrical current to a load when electrically connected to said first pair of terminals;

a third pair of terminals capable of being electrically connected to user accessible plugs and/or receptacles where the first , second and third pair of terminals are electrically isolated from each other;

*a pair of movable bridges* electrically connected to the first pair of terminals, said movable bridges being capable of electrically

connecting the first, second and third pairs of terminals to each other;

a circuit interrupting portion configured to cause electrical discontinuity between said first, second and third pairs of terminals upon the occurrence of a predetermined condition; and

a reset portion configured to reestablish electrical continuity between the first, second and third pairs of terminals after said predetermined condition occurs."

Claim 11 of the '766 Patent recites:

"A circuit interrupting device comprising:

a first pair of terminals capable of being electrically connected to a source of electricity;

a second pair of terminals capable of conducting electrical current to a load when electrically connected to said first pair of terminals;

a third pair of terminals capable of being electrically connected to user accessible plugs and/or receptacles where the first , second and third pair of terminals are electrically isolated from each other;

*at least one movable bridge* electrically connected to the first pair of terminals, said at least one movable bridge being capable of electrically connecting the first, second and third pairs of terminals to each other;

a circuit interrupting portion configured to cause electrical discontinuity between said first, second and third pairs of terminals upon the occurrence of a predetermined condition; and

a reset portion configured to reestablish electrical continuity between the first, second and third pairs of terminals after said predetermined condition occurs."

Claim 42 of the Germain Application differs from claim 11 of the '766 Patent only by the substitution of "at least one movable bridge" in place of "a pair of movable bridges."

The dependent claims of the '766 Patent have virtually identical language to the dependent claims in the Germain application.

The claims of the Germain application and the '766 Patent cover the same patentable invention, or are an obvious variant of each other.

At no time during the prosecution of the '093 Application did any of Leviton's attorneys, including Mr. Magidoff, Mr. Narcisse and Mr. Sutton, or anyone at Leviton, inform the PTO that the '093 application and the Germain application contained claims of identical scope and/or almost verbatim language.

The actual filing date of the '766 Patent was about five months later than the actual filing date of the Germain application. The term "movable bridge" is found nowhere in the specification of the '766 Patent. Rather, this term is found in the Germain Application, which strongly suggests that Leviton copied the claims of the Germain Application to those of the '766 Patent, with the

19

intent of improperly extending the priority date for the '766 Patent back to August 20, 1999, the actual filing date for U.S. Patent No. 6,246,558.

## Interrogatory No. 13:

With respect to the assertions alleged in the Counterclaims, that "Leviton refused to grant a license to Harbor Freight because the retail prices ... are not comparable..." set forth the factual basis for those assertions.

*Response:*

Dongzheng objects to this interrogatory on the grounds that it is overly broad and unduly burdensome in that it asks for information set forth in detail in Answer and Amended Counterclaims filed in this action.

Subject to the foregoing specific objections, as well as the General Objections set forth above, Dongzheng states that it is informed that Harbor Freight offered to enter into a license with Leviton covering the '558 Patent, the '766 Patent and related patents, which license would cover Harbor Freight's sales of GFCI's with reverse wiring protection in May 2005. Leviton never responded to Harbor Freight's offer. Based upon Leviton's willingness to enter into a license with Cooper, which company charges comparable retail prices to Leviton, Leviton's refusal to grant a license to Harbor Freight appears to be

1363577 v05

because the retail prices of GFCI's sold by Harbor Freight are not comparable to the retail prices of Leviton's GFCI's.

**Interrogatory No. 14:**

With respect to the allegation set forth in the Counterclaims that "UL has a Patent Policy that requires companies, such as Leviton, to disclose the existence of any patents or patent applications, which would be implicated by a proposed UL/ANSI standard," identify each document or other factual basis setting out such Patent Policy.

*Response:*

Dongzheng objects to this interrogatory on the grounds that it is overly broad and unduly burdensome in that it asks for information that is equally readily available to Plaintiff.

Subject to the foregoing specific objections, as well as the General Objections set forth above, Dongzheng cites the following URL, which includes information regarding UL's Patent Policy: http://ulstandardsinfonet.ul.com/stp/patentpolicy.html .

1363577 v05

This 3rd day of February, 2006

Respectfully submitted,

John P. Fry
Bryan G. Harrison
MORRIS, MANNING & MARTIN LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Phone:  (404) 233-7000
Fax:  (404) 365-9532
Attorneys for Defendant
Zhejiang Dongzheng Electrical Co.

1363577 v05

UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

LEVITON MANUFACTURING CO., INC.,

            Plaintiff,

vs.

ZHEJIANG DONGZHENG ELECTRICAL CO.,
HARBOR FREIGHT TOOLS USA, INC.,
NICOR, INC., d/b/a NICOR LIGHTING &
FANS, CENTRAL PURCHASING, LLC,

            Defendants.

CIVIL ACTION FILE

NO. CIV-05-0301- RLP/DJS

CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing DEFENDANT

ZHEJIANG DONGZHENG ELECTRICAL CO.'S RESPONSE TO

PLAINTIFF'S FIRST INTERROGATORIES was delivered via electronic mail

and first class mail, postage prepaid and addressed as follows:

Brad S. Needleman, Esq.
Greenberg Traurig, Esq.
MetLife Building
200 Park Avenue
New York, New York 10166

Deepro R. Mukerjee, Esq.
Greenberg Traurig, LLP
MetLife Building
200 Park Avenue
New York, New York 10166

Barry G. Magidoff, Esq.
Greenberg Traurig LLP
200 Park Avenue - 34th Floor
New York, New York 10166

Joseph M. Manak, Esq.
Greenberg Traurig, LLP
MetLife Building
200 Park Avenue
New York, New York 10166

23

1363577 v05

Paul J. Sutton, Esq.
Greenberg Traurig, LLP
MetLife Building, 200 Park Avenue
New York, New York 10166

Emil J. Kiehne, Esq.
Modrall Sperling Roehl Harris & Sisk
P.A.
Bank of America Centre
500 Fourth Street, N.W., Suite 1000
Albuquerque, New Mexico 87102

This 3rd day of February, 2006.

_____
Bryan G. Harrison

1363577 v05